# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DANIEL MARTIN,

          Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,

          Agency.

DOCKET NUMBER
DA-3443-15-0537-I-1

DATE: June 8, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Johnny Ray Deleon</u>, Big Spring, Texas, for the appellant.

<u>Sean Andrew Safdi</u>, Lakewood, Colorado, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal of the agency action finding him not qualified for a promotion for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

### DISCUSSION OF ARGUMENTS ON REVIEW

¶2      In January 2014, the appellant, a GS-12 Supervisory Engineering Technician, was temporarily promoted to Acting Chief of Engineering Service at the GS-13 level. Initial Appeal File (IAF), Tab 1 at 8, Tab 7 at 65. While the appellant was serving as Acting Chief, he applied to permanently fill the position. IAF, Tab 7 at 29, 44-52. On May 20, 2015, however, he was notified that he was not qualified for the position because his college degree did not support the level of education required. *Id.* at 38-39. The agency extended the appellant's detail several times until July 27, 2015, at which time he reverted to his GS-12 Supervisory Engineering Technician position. *Id*. at 25, 28, 43, 53, 57-59, 61, 63. On August 6, 2015, the appellant filed a Board appeal challenging the agency's action, which he characterized as a reduction in grade or pay, a negative suitability determination, and a "negative evaluation of qualification," and requested a hearing. IAF, Tab 1 at 2-3.

¶3      In an acknowledgment order, the administrative judge notified the appellant that the Board generally lacks jurisdiction over claims that an applicant was not

hired or that an employee was not promoted, but that the Board may have jurisdiction where the appellant claims the agency's decision was made in retaliation for whistleblowing, the product of discrimination based on uniformed service, or violative of the candidate's veterans' preference rights. IAF, Tab 2 at 2. The appellant responded that the Board has jurisdiction over the matter as a suitability determination under 5 C.F.R. part 731 because the agency "canceled his eligibility and debarred [him] from competing for the position." IAF, Tab 5 at 3. The administrative judge issued a show cause order explaining that the Board has jurisdiction over certain matters involving suitability for Federal employment and informing the appellant that the appeal would be dismissed for lack of jurisdiction unless he made nonfrivolous allegations of fact that, if proven, would show that the agency took an appealable "suitability action" against him pursuant to 5 C.F.R. part 731. IAF, Tab 6. The appellant responded that the agency deprived him of his right to compete for the position due to "misinterpretation of the educational requirements causing his application to be disqualified" and argued that he was qualified for the permanent Chief of Engineering Services position on the basis of his combined education and experience. IAF, Tab 8 at 5-8.

¶4		Without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction, finding that a nonselection for a specific position is not an appealable suitability action. IAF, Tab 11, Initial Decision (ID) at 2-3. The appellant has filed a petition for review of the initial decision, and the agency has responded in opposition to the appellant's petition for review. Petition for Review (PFR) File, Tabs 1, 3.

¶5		The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Generally, an unsuccessful candidate for a Federal civil service position has no right to appeal a nonselection. *Kazan v. Department of Justice*, 112 M.S.P.R. 390, ¶ 6 (2009).

Nevertheless, pursuant to regulations of the Office of Personnel Management (OPM) at 5 C.F.R. part 731, the Board has jurisdiction over certain matters involving suitability for Federal employment. *Id.* Specifically, the Board has jurisdiction over a "suitability action," which is defined by the regulations as a cancellation of eligibility, a removal, a cancellation of reinstatement eligibility, and a debarment. *Id.*; 5 C.F.R. §§ 731.203(a), 731.501(a). The regulations specify that a nonselection for a specific position is not a "suitability action," even if it is based on the criteria for making suitability determinations set forth at section 731.202. *Kazan*, 112 M.S.P.R. 390, ¶ 6; 5 C.F.R. § 731.203(b).

¶6        Here, the agency determined that the appellant was not eligible for the GS-13 Chief of Engineering Service position because his "college degree does not support the level of education required at this grade." IAF, Tab 7 at 38-39. The agency does not appear to have taken any broader action regarding the appellant's eligibility, such as canceling any other eligibilities on other existing competitive registers. *See Kazan*, 112 M.S.P.R. 390, ¶ 6. As such, we agree with the administrative judge's determination that this appeal involves the nonselection of the appellant for a specific position, over which the Board lacks jurisdiction. *See* 5 C.F.R. § 731.203(b). The appellant has not challenged this finding, and we discern no basis to disturb it on review. PFR File, Tab 1.

¶7        Although the appellant has not challenged the suitability finding on review, he argues that the Board has jurisdiction over this appeal pursuant to 5 U.S.C. §§ 1204(f)(1) and   2302(b)(12). PFR File, Tab 1 at 4-5. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Here, the appellant's arguments that the Board has jurisdiction over this claim pursuant to 5 U.S.C. §§ 1204(f)(1) and 2302(b)(12) were not raised below, and he has not alleged that they are based on new and material evidence or explained why he failed to raise these arguments

below. PFR File, Tab 1 at 4-5; *see* IAF, Tabs 1, 5, 8. Absent any such explanation, we decline to consider his late-raised arguments. *See Hammond v. Department of Veterans Affairs*, 98 M.S.P.R. 359, ¶ 6 n.* (2005) (declining to consider the appellant's jurisdictional allegation where he raised it for the first time on review without showing that it was based on previously unavailable evidence).

¶8      Even if we were to consider the appellant's arguments, they would not alter the outcome of this appeal. Under 5 U.S.C. § 1204(f)(1), the Board has the authority to review rules and regulations promulgated by OPM at the request of an interested person and may declare the regulation invalid if it either has required, or would on its face require, an employee to commit a prohibited personnel practice. 5 U.S.C. § 1204(f)(2). The appellant appears to argue that the Board has jurisdiction under this section to review 5 C.F.R. parts 300 and 335 because he "was initially deemed qualified for the GS-0801-13 detail, and then not qualified for the announced position" and six other facilities found him qualified for the same position at the same grade. PFR File, Tab 1 at 4-5. The appellant's disagreement with the agency's determination that he was not qualified for a position fails to state a basis for the Board to exercise its regulation review authority under section 1204(f)(1). The appellant also alleges that the agency's action constituted a prohibited personnel practice under 5 U.S.C. § 2302(b)(12), which prohibits an agency from taking or failing to take a personnel action that violates the merit systems principles. PFR File, Tab 1 at 4. However, in the absence of an otherwise appealable action, the appellant's prohibited personnel practice claim cannot be considered. *See Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶¶ 15-16 (2007) (explaining that the merit system principles are not themselves a source of Board jurisdiction and a nonselection is not an otherwise appealable action).

¶9      The appellant states, for the first time on review, that he has exhausted his Office of Special Counsel (OSC) remedy "regarding the matter appealed, OSC

File No. MA-15-4202." PFR File, Tab 1 at 5. Although the Board may have jurisdiction to consider the appellant's nonselection claim in the context of an individual right of action (IRA) appeal, *see Ormond v. Department of Justice*, 118 M.S.P.R. 337, ¶ 13 (2012), the appellant's extremely vague statement, unaccompanied by any documents, such as an OSC close-out letter or a description of the OSC complaint, fails to present any reviewable claim at this time. If the appellant wishes to file an IRA appeal, he may do so with the regional office in accordance with the Board's procedures. *See* 5 C.F.R. §§ 1209.5-1209.6.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.

Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.